IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TANYA KEYHANI<br>1735 Oakwood Lane<br>Valley Forge, PA 19481<br><br>        Plaintiff,<br>v.<br><br>THE TRUSTEES OF THE UNIVERSITY<br>OF PENNSYLVANIA, d/b/a UNIVERSITY<br>OF PENNSYLVANIA<br>3600 Chestnut Street, Ste. 228<br>Sansom Place East<br>Philadelphia, PA 19104<br><br>        Defendant. | CIVIL ACTION<br><br>DOCKET NO.:<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Tanya Keyhani (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Plaintiff against The Trustees of the University of Pennsylvania, d/b/a University of Pennsylvania (*hereinafter* referred to as "Defendant") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*), the Family and Medical Leave Act ("FMLA - 29 U.S.C. §§ 2601 *et. seq.*), and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff asserts, *inter alia*, that she was unlawfully denied accommodations, was functionally demoted, and had her pay reduced for

---

[1] Plaintiff will move to amend the instant Complaint to include violations of the PHRA after full administrative exhaustion before the Pennsylvania Human Relations Commission. Such claims will identically mirror Plaintiff's federal claims asserted herein under the ADA.

discriminatory and retaliatory reasons. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for violations of civil rights under the FMLA and the ADA.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted her administrative proceedings before initiating this action by timely filing and dual-filing her Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant Trustees of the University of Pennsylvania, d/b/a University of Pennsylvania (hereinafter referred to as "Defendant") operates 12 schools in Philadelphia, Pennsylvania.

9. At all times relevant herein, Defendant acted by and through its agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was hired by and commenced working for Defendant in or about mid-August of 2002, she remains employed, and in total has been directly employed by Defendant for approximately 15 years. Plaintiff had however for her first year of work with Defendant been employed through a third-party contractor (since in or about 2001).

12. Plaintiff has and remains employed in the position of Project Manager in Facilities and Real Estate Services (a/k/a "FRES").

13. In or about early December of 2015, Plaintiff reported a work-related injury. Specifically, Plaintiff had fallen and sustained injuries to her hands, knees, joints and suffered a concussion. Plaintiff's aforesaid fall caused long-term injuries and impairments such as post-concussion syndrome, joint problems, photophobia and other related complications. Such impairments at times still limit Plaintiff's life activities.

14. Immediately following her injury and while undergoing evaluations - from in or about early December of 2015 through in or about mid-January of 2016 - Plaintiff was at times working with and without temporary medical restrictions.

15. On or about January 13, 2016, Plaintiff was seen again by Occupational Medicine (as she had been evaluated therein previously). Occupational Medicine is a worker's compensation program administered internally by Defendant's Health System wherein employees receive evaluations and medical services at the Hospital of University of Pennsylvania in Philadelphia to lower worker's compensation costs to Defendant.

16. On or about January 13, 2016, Defendant's Occupational Medicine personnel recommended that Plaintiff work from home 2-3 days per week due to her medical impairments and work injuries.

17. Because Plaintiff was completely able to perform her job duties and position while working 2-3 days per week from home (or in other words, telecommuting), Plaintiff did in fact perform her full-time role from in or about mid-January of 2016 until late January of 2016 (a period of several weeks).

18. As to in-person work, Plaintiff's job duties in her capacity as a Project Manager required her to perform various on-site inspections at times. Plaintiff also had various prescheduled meetings in the workplace. But the bulk of Plaintiff's job duties required her to handle significant administrative work such as financial matters, preparation of reports, handling budgeting, reviewing work reports, reviewing change requests, contract review, to coordinate and communicate with consultants, engineers and other construction or maintenance personnel, oversee permit processes, extensive correspondence and a host of other non-inspection and non-

4

site based duties. Plaintiff was not some type of foreman standing at a work site observing construction each day.

19. By February of 2016, Plaintiff was being directed to utilize PTO or sick days towards days in which she was not physically present at work despite that Plaintiff was performing her full-time job (working 3 days per week at Defendant and at least 2 days remotely). Plaintiff was being required to exhaust her sick or PTO time despite working on a full-time basis (albeit partially remotely).

20. Plaintiff in fact performed her full-time job through March of 2016 while telecommuting for part of her weekly work schedule. Plaintiff was a salaried employee and often accomplished her work outside of regular business hours even pre-injury.

21. Plaintiff was required to submit accommodation paperwork in or about March of 2016, and by in or about April of 2016 Plaintiff's accommodation of working partially from her home was formally denied.

22. Despite that Plaintiff performed her full-time role as a Project Manager from mid-January of 2016 through part of April of 2016 without issue through limited telecommuting, Defendant demanded that Plaintiff perform her job <u>solely from Defendant's workplace</u>. As of April 2016, Defendant refused to permit Plaintiff to perform her job on a full-time basis working 2 days a week from home (or for any period of time from home).

23. For ongoing medical treatment, Plaintiff took a block medical leave of absence from in or about mid-May of 2016 through in or about mid-June of 2016. This leave was dictated by Plaintiff's own physician.

24.     By mid-June of 2016, Plaintiff was attempting to return to work within Defendant. However, Plaintiff was being told that she was not permitted to resume work until Defendant had various workplace accommodations in place.

25.     Plaintiff attempted to return to work after numerous delays on Defendant's part by June 27, 2016 but was informed by one Patrice Miller (Associate Director) that she was prohibited from returning to work since Defendant has "not resolved the accommodation issue." Plaintiff was eventually permitted to return to work under the guise that Defendant was doing everything it could to allegedly accommodate Plaintiff in her workspace (which Defendant was attempting to consistently memorialize, albeit inaccurately in many instances).

26.     From 2016 through 2017 (a period of roughly 1.5 years), Plaintiff experienced a very hostile work environment, and numerous discriminatory and retaliatory actions. Through calendar years 2016 and 2017, Plaintiff experienced the following actions *for which she seeks relief in the instant case*:

> (1) She had her compensation and salary drastically reduced to partial weekly pay because Plaintiff's work schedule was involuntarily reduced because Defendant would not grant Plaintiff a very reasonable accommodation (i.e. telecommuting up to 2 days per week);
>
> (2) Defendant went to great lengths to create an extensive record of purported accommodations for workplace lighting or noise issues but refused to engage in any meaningful interactive process relative to telecommuting, failed to seek or obtain any medical evaluations that disputed recommendations by Plaintiff's own physician that she be permitted to telecommuted partially each week, and failed to perform any reasonably analysis about or concerning Plaintiff telecommuting to any extent (even if not 2 days);
>
> (3) She had various projects removed from her oversight and was given less desirable, less prestigious, and in some cases demeaning work assignments;
>
> (4) She on many instances was kept out of work unnecessarily due to medical requests or discussions about her health wherein Plaintiff was not permitted to return to work for days or longer while Defendant improperly sought additional information or feigned other concerns or inquiries;

(5) She had her work schedule changed which she had worked for nearly a decade creating exacerbation(s) of her health problems, making her job more difficult, and increasing her commute during busy travel hours;

(6) She often worked well in excess of 2 or 3 days per week and full-time hours but was still only paid for what Defendant elected to pay Plaintiff based upon its view of her physical presence in Defendant's location;

(7) She was forced to exhaust much of her PTO and/or sick time despite that she either worked during such time or because she could have telecommuted instead of being forced to exhaust same; and

(8) She was subjected to numerous and continued management difficulty and animosity (after an excellent 14 years with Defendant) in that she: (a) was at times threatened with admonishment unnecessarily; (b) was given a performance evaluation that did not accurately reflect her work, issues or performance; and (c) she was subjected to improper inquiries about her health at varying times even with management seeking to speak directly with her medical personnel.

27. There were several supervisory and administrative employees involved in taking the above-referenced discriminatory and retaliatory actions towards Plaintiff. The primary management involved in same included but was not limited to: (a) Mariette Buchman (Director of Design and Construction); (b) Chereese Martin (Human resources Director); (c) John Zurn (Century Bond Program Director); (d) Michael Dausch (Executive Director of Design and Construction Management); and (e) Patrice Miller (Associate Director in the Office of Affirmative Action and Equal Opportunity Programs).

**First Cause of Action**
**Violations of the Americans with Disabilities Act, as Amended ("ADAAA")**
([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate; [4] Hostile Work Environment)

28. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29. Plaintiff suffered from qualifying health conditions under the ADA (as amended) which affected her ability (at times) to perform some daily life activities, as described *supra*.

30. Plaintiff requested reasonable accommodations from Defendant, including but not limited to: (a) block or intermittent medical leave; (b) workplace setting adjustments; (c) to partially telecommute; and (d) to retain other terms and conditions of her employment that were being involuntarily changed as a result of Plaintiff's known health problems.

31. Defendant point-blank refused to consider letting Plaintiff telecommute for even 1 minute per day or longer making it mandatory that she solely and physically work from Defendant's physical location despite that she was capable of doing her full-time job with full-time pay by partially telecommuting (as evidenced by her job duties and having done so for periods of time while employed). Defendant also refused to accommodate Plaintiff in other ways described *infra*.

32. Additionally, Plaintiff was subjected to a hostile work environment and suffered the actions in this complaint for which she seeks relief because: (1) of her known and/or perceived health problems; (2) her record of impairment; (3) her requested accommodations; and/or (4) because she was objecting to discriminatory treatment.

33. These actions as aforesaid constitute violations of the ADAAA.

**Second Cause of Action**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Interference and Retaliation)**

34. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

36. Plaintiff requested leave from Defendant, her employer, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

8

37. Plaintiff had at least 1,250 hours of service with the Defendant during her last full year of employment.

38. Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

39. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis per year.

40. Defendant committed interference and retaliation violations of the FMLA by

   (1) Failing to properly notify, designate and send required notices and documentation to Plaintiff about and concerning her FMLA designations and entitlements from the date of her injury through varying times thereafter.

   (2) Failing to properly provide Plaintiff with a reduced or modified schedule and intermittent leave for hours and times when Plaintiff was in fact able to work;

   (3) Making Plaintiff exhaust federally protected FMLA time by forcing her to apply FMLA time on days in which she was able to work for Defendant but was involuntarily considered non-working and non-paid; and

   (4) By taking all of the above actions against Plaintiff for which she seeks relief herein because of her FMLA requests, to prevent further FMLA requests, and in retaliation for her actual or attempted FMLA usage.

41. These actions as aforesaid constitute violations of the FMLA.

### Third Cause of Action
### Violations of the Family and Medical Leave Act ("FMLA")
### (Interference and Retaliation)

42. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43. It is against Pennsylvania's public policy for an employee to be retaliated against for making a worker's compensation claim and/or seeking workers' compensation benefits. *See*

*Shick v. Shirey*, 552 Pa. 590, 716 A.2d 1231 (1997); *Rothrock v. Rothrock Motor Sales, Inc.*, 584 Pa. 297, 883 A.2d 511, 516 (2005).

44. The foregoing actions for which Plaintiff seeks relief herein are in substantial part for her filing, pursuing and continuing a case of worker's compensation. Thus, Plaintiff has been retaliated against in violation of this Commonwealth's public policies.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/discrimination at the hands of Defendant until the date of verdict;

B. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F.  Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

KARPF, KARPF & CERUTTI, P.C.

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Building 2, Ste. 128
Bensalem, PA 19020
(215) 639-0801

Dated: July 11, 2017

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

TANYA KEYHANI : CIVIL ACTION

v.

THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA
d/b/a UNIVERSITY OF PENNSYLVANIA : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 7/11/2017 | _[signature]_ | Plaintiff |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1735 Oakwood Lane, Valley Forge, PA 19481

Address of Defendant: 3600 Chestnut Street, Suite 228, Sansom Place East, Philadelphia, PA 19104

Place of Accident, Incident or Transaction: Defendant's place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes☐ No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 7/11/2017 _____ Attorney-at-Law _____ ARK2484 Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/11/2017 _____ Attorney-at-Law _____ ARK2484 Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

KEYHANI, TANYA

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

**DEFENDANTS**

THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, d/b/a UNIVERSITY OF PENNSYLVANIA

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* — Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | PERSONAL PROPERTY | **LABOR** | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | **SOCIAL SECURITY** | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | 861 HIA (1395ff) | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/Exchange |
| 196 Franchise | | | 790 Other Labor Litigation | 864 SSID Title XVI | 890 Other Statutory Actions |
| | | | 791 Employee Retirement Income Security Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 896 Arbitration |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** 540 Mandamus & Other | 462 Naturalization Application | | |
| | 448 Education | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Americans w/ Disabilities Act "ADA" (42USC12101); Family & Medical Leave Act "FMLA" (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA and the PA Human Relations Act.

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 7/11/2017
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

[Print]  [Save As...]  [Reset]